UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITIMORTGAGE, INC.,

       Plaintiff,

v.                                                                                 CASE NO. 8:14-cv-3051-T-23EAJ

FRANCES GREIFENBERGER, et al.,

       Defendants.

_____/

**ORDER**

In 2011, the plaintiff sued (Doc. 2) the defendants in state court for "mortgage

foreclosure."  Citing jurisdiction conferred by 28 U.S.C. § 1331, the defendant

removed (Doc. 1) on December 8, 2014.  The defendant asserts that this action

"involves disputes arising under the Title 15 of the United States Code, specifically,

the Fair Debt Collection Practices Act and the Fair Credit Reporting Act."  (Doc. 3

at 1)  However, the defendant cites no count in the complaint that relies on either

statute, and a review of the complaint reveals no claim under either statute.  The

remainder of the defendant's notice of removal demonstrates the defendant's belief

that a federal defense or counterclaim invokes jurisdiction under Section 1331.  The

defendant is mistaken.  Wright & Miller, *Federal Practice and Procedure*, Vol. 13D,

§ 3556 (3d ed. 2014) ("There are four implications to the well-pleaded complaint rule.

First, it bars invoking jurisdiction on the basis of a federal defense raised by the

defendant's answer. . . .  Third, the well-pleaded complaint rule precludes consideration of a counterclaim — even a compulsory counterclaim — in determining whether a case invokes federal-question jurisdiction.").

Under 28 U.S.C. § 1447(c), this action is **REMANDED** for failure of the removing party to invoke federal jurisdiction.  The clerk is directed (1) to mail, as required by Section 1447(c), a certified copy of this order to the clerk of the Circuit Court for Hernando County, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on January 16, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE